**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BRYAN BUENO-ROBLES,

      Petitioner,

    v.

KRISTI NOEM, *et al.*,

      Respondents.

Case No. 2:26-cv-00449-RFB-MDC

**ORDER TO SHOW CAUSE**

Petitioner Bryan Bueno-Robles, an immigration detainee, has filed a counseled petition for a writ of habeas corpus (ECF No. 1) and a motion for a preliminary injunction (ECF No. 2). Through them, he challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Federal Respondents. The Court has reviewed the Petition and preliminarily finds Petitioner can likely demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioner Escobar-Salgado in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025) (No. 25).

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, a **(i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** on or before **February 23, 2026.** See id. Petitioner may file a traverse on or before **February 26, 2026**.

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents do not plan to offer new arguments—*i.e.*, arguments which have not been addressed by this Court—they may: indicate as much, reference their previous briefing, and reserve their appellate rights. They

may not, however, incorporate briefing in a manner that would circumvent the page limits under LSR 3-2 without leave. Respondents should file any referenced briefing as an attachment for Petitioner's Counsel's review.

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Therefore, **IT IS FURTHER ORDERED** Respondents must file any documents referenced, or relied upon, in their return alongside this filing. If Respondents' asserted basis for detaining Petitioner is reflected in any documents in their possession, including, but not limited to, an arrest warrant, notice to appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal proceedings, Respondents must so indicate and file said documents with their pleading. If no such documents exist to support the asserted basis for detention, Respondents must indicate that in their return.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that Respondents shall not transfer Petitioner out of this District. This Court has "express authority under the All Writs Act to issue such temporary

injunctions as may be necessary to protect its own jurisdiction." <u>F.T.C. v. Dean Foods Co.</u>, 384 U.S. 597, 601 (1966); <u>see also</u> <u>Al Otro Lado v. Wolf</u>, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Were Petitioner prematurely removed from the United States District of Nevada, or more broadly the United States, their removal could interfere with the Court's jurisdiction over his claims. Given the exigent circumstances surrounding Petitioner, the Court finds that this Order is warranted to maintain the *status quo* pending resolution of their case on the merits, and the Court finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** Counsel for Respondent John Mattos at ahesman@strucklove.com to the docket. Then, **SEND** them a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5), Motion (ECF No. 2), and this Order through CM/ECF.

3. **MAIL** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5), Motion (ECF No. 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** February 19, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**