UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN BUENO-ROBLES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　Respondents. | Case No.: 2:26-cv-00449-RFB-MDC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Bryan Bueno-Robles's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (ECF No. 1). Through it, Petitioner challenges the lawfulness of his ongoing detention at the Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada, at the hands of Federal Respondents on statutory and constitutional grounds.

The only authority Respondents provide for continuing to detain Petitioner without release on bond is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). The Court finds Petitioner is entitled to relief on the following bases: (1) in Petitioner's custody redetermination (bond) hearing, he was denied bond by the immigration judge ("IJ") solely on the basis of the Board of Immigration Appeals's ("BIA") statutory interpretation and decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"], which has since been vacated under the Administrative Procedure Act ("APA") in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026); (2) the Court *independently* finds Respondents' ongoing detention of

Petitioner under § 1225(b)(2)(A) is unlawful under the Immigration and Nationality Act ("INA"); and (3) the Court finds that Respondents' continued detention of Petitioner, particularly after an IJ has made findings that Petitioner does not present a danger or flight risk, violates substantive and procedural due process under the U.S. Constitution. Accordingly, the Court grants the Petition and orders Respondents immediately release Petitioner from custody pursuant to the conditions set forth in the IJ's order.

The Court makes the following findings of fact based on the Petition and evidence supplied by the parties. Petitioner is a native and citizen of Mexico who has continuously resided in the United States since he entered the country without inspection in 2004. See ECF No. 1 at 5. On January 27, 2026, Petitioner was taken into ICE custody after being detained at the North Las Vegas Detention Center for allegations of "traffic violation warrants." See Form I-213, ECF No. 1-2. DHS then commenced removal proceedings against Petitioner that same day, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See id.

Petitioner sought a custody redetermination hearing (*i.e.*, bond hearing) pursuant to 8 C.F.R. § 1236. See Order of Immigration Judge, ECF No. 1-3. The IJ denied bond for lack of jurisdiction, finding that they were bound to follow the BIA's precedential decision in Hurtado, as the Maldonado Bautista Court did not vacate Hurtado under the Administrative Procedure Act (APA). See id. However, on February 18, 2026, the Maldonado Bautista Court *did* vacate Hurtado under the APA, 5 U.S.C. § 706(2)(A). See Maldonado Bautista, 2026 WL 468284. Consequently, the immigration court's legal basis for not providing Petitioner with the relief set forth in the alternative—"bond in the amount of $3,500 plus alternatives to detention at the discretion (ATD) at the direction of DHS/ERO"—at the hearing is now void, as established in Maldonado Bautista. ECF No. 1-3.

While acknowledging that Hurtado's statutory interpretation of the INA has now been vacated under the APA, this Court independently rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after many years of residence in this country, for the reasons discussed in

detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

In addition, the Court finds Respondents' continued detention of Petitioner violates his procedural and substantive due process rights. The procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in favor of Petitioner because (1) the private interest affected is his fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner despite the immigration court's determination that his detention is not warranted, nor any process for Petitioner to challenge the exercise of that discretion; (3) the government's interest in enforcing immigration laws is served by the individualized determination by an immigration court, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. Id. at 334-35; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar

Salgado, 2025 WL 3205356, at *25.

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, after an IJ has already found Petitioner does not present a danger to the community of flight risk, Respondents must immediately release Petitioner, subject to the bond conditions originally imposed by the IJ in the alternative. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is **DENIED as moot.**

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on February 27, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ.

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **March 27, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with

this Order by **March 2, 2026.**

  The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs. Any fee petition should be filed within the deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

  **DATED:** February 26, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**